LAW OFFICE OF DAVID H. FAUX, P.C.
David H. Faux
1180 Avenue of the Americas, 8th Floor
New York, NY 10036

Attorney for Plaintiff
Outhouse PR, LLC d/b/a Women You Should Know, Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OUTHOUSE PR, LLC d/b/a WOMEN YOU SHOULD KNOW<br><br>           Plaintiff,<br><br>-v-<br><br>NORTHSTAR TRAVEL MEDIA, LLC<br><br>           Defendant | 1:19CV-5979<br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiff Outhouse PR, LLC ("Outhouse PR" or "Plaintiff"), by its attorneys, Law Office of David H. Faux, P.C., for its Complaint against defendant Northstar Travel Media, LLC ("Defendant"), alleges as follows:

<u>**Introduction**</u>

1. The claims asserted in this action arise out of Defendant's infringement of Plaintiff's incontestable federal registration for the WOMEN YOU SHOULD KNOW trademark, as well as attendant acts of unfair competition.  Plaintiff has brought this action to put an end to Defendant's wrongful conduct.

2. Outhouse PR, LLC ("Outhouse PR") is a digital media property and community showcasing the stories and professional talents of dynamic women around the world via the website https://womenyoushouldknow.net.  The website posts premium editorial content daily,

1

which includes exclusive interviews and profiles of a variety of women with diverse backgrounds and ages, including (and not by way of limitation) all races, national origins, and ethnic backgrounds.  It also covers a range of lifestyle topics related to women such as career, consumption, health and wellness, entertainment, sports/athletics, politics, and news stories. Outhouse PR markets and advertises these services under the WOMEN YOU SHOULD KNOW trademark.

3. Defendant is a company that publishes content related to travel.  Defendant is using the trademark WOMEN YOU SHOULD KNOW as the title of several web pages including those located at https://www.businesstravelnews.com/Women-You-Should-Know/2018, https://www.businesstravelnews.com/Women-You-Should-Know/2019, and elsewhere.  These pages provide summaries of profiles to women with biographies of note, with links to full profiles, also using the WOMEN YOU SHOULD KNOW trademark.  The information is provided as entertainment and education of the accomplishments of notable women.

4. The use of such designation improperly trades on the goodwill Outhouse PR has established in its WOMEN YOU SHOULD KNOW mark through a substantial investment of time and resources, and is likely to result in the confusion and deception of the trade and consuming public. Thus, Outhouse PR has commenced this action to protect and defend its valuable trademark rights against Defendant's acts of, *inter alia*, trademark infringement and unfair competition under U.S. and New York law.

**Parties, Jurisdiction and Venue**

5. Plaintiff Outhouse PR is a Limited Liability Company organized under the laws of the State of New York that maintains offices at P.O. Box 286255, New York, NY 10128, USA.

6. Upon information and belief, defendant Northstar Travel Media is the owner of "BTN Group," which maintains offices at 100 Lighting Way, Secaucus, NJ 07094, USA.

7. This is a civil action arising out of Defendant's infringement of a federally registered trademark owned and used by Outhouse PR; and unfair competition, all in violation of §§ 32(1) and 43(a) of the U.S. Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§ 1114(1), 1125(a), and New York State law.

8. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

9. Upon information and belief, this Court has personal jurisdiction over Defendant under CPLR 301 and 302 by virtue of the physical location of Northstar Travel Media's offices within this State and this District; the commission of tortious conduct as described herein in the State of New York and this District; and the transaction of business within the State of New York and this District. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

### Outhouse PR's Services and the Success of its WOMEN YOU SHOULD KNOW Trademark

10. Outhouse PR has used the WOMEN YOU SHOULD KNOW trademark in various forms since its incorporation in 2010 and it owns the incontestable registration for the trademark WOMEN YOU SHOULD KNOW, U.S. Registration No. 4,139,149, which has been used since at least September 2011 with a wide variety of services including online social networking

services provided through a community website; online social networking services in the field of women's extraordinary biographical achievements; online social networking services in the field of women's extraordinary biographical achievements provided via a website.

11.  Through its efforts, Outhouse PR has achieved great success and notoriety in the online journalism industry.  One of the most compelling features of the Women You Should Know website is the original series of video profiles.  These mini-documentary films feature interviews and an in-depth look at remarkable females that cross all races, national origins, ethnicities, age groups, and professional paths.  All of the foregoing services are advertised and promoted under the WOMEN YOU SHOULD KNOW trademark, and Outhouse PR has invested resources advertising and promoting its services offered under the WOMEN YOU SHOULD KNOW trademark.

12. Outhouse PR also owns common law rights in the distinctive WOMEN YOU SHOULD KNOW trademark that are protectable at law by virtue of Outhouse PR's continuous and exclusive use of same in connection with the services described above.

13. Outhouse PR had occasion to issue a one-day license as settlement with a prior infringing party who paid $1,750.00 for that single day of use.  The $1,750.00 is the amount Outhouse PR would request from any party using the WOMEN YOU SHOULD KNOW after that infringer received actual notice of the pertinent federal registrations and common law rights, but continued its unauthorized use, nonetheless.

14. By virtue of its continuous and substantial use of the WOMEN YOU SHOULD KNOW trademark, the quality of the services offered by Outhouse PR under the mark, and the high level of success that Outhouse PR has achieved providing those services over time,

Outhouse PR has developed substantial, valuable goodwill with respect to the WOMEN YOU SHOULD KNOW trademark.

15. The widespread promotion and use of the WOMEN YOU SHOULD KNOW trademark by Outhouse PR has caused the trade and public to associate the WOMEN YOU SHOULD KNOW trademark with Outhouse PR and caused the trade and public to believe that the services offered under or in connection with the WOMEN YOU SHOULD KNOW trademark are exclusively associated with, or are sponsored or licensed by, Outhouse PR.

**Defendant's Wrongful Activities**

16. Defendant, in common with the rest of the trade and consuming public, is on notice of Outhouse PR's rights in the WOMEN YOU SHOULD KNOW trademark and of the goodwill represented and symbolized thereby.

17. Outhouse PR discovered in June, 2017 that Defendant was using WOMEN YOU SHOULD KNOW on a page on its website offering services which includes biographical information for notable women under the identical designation WOMEN YOU SHOULD KNOW (the "Infringing Designation"), without authorization and in a manner designed to confuse consumers.

18. Outhouse PR sent a cease-and-desist letter to Ms. Elizabeth West of the The BTN Group and The Business Travel News publication, both of which are part of Northstar, alerting her to the trademark infringement.

19. In early 2019, Outhouse PR noticed that Defendants not only continued to use the Infringing Designation, but expanded its use into subsequent years.

5

20. In April, 2019, Outhouse PR wrote another cease-and-desist letter to Defendant. Defendant responded that it would continue to use Plaintiff's mark regardless of its registration and regardless of its incontestability.

21. In May, 2019, Outhouse PR responded to Defendant, re-iterating the significance of its trademark rights.  Defendant repeated its position that it would continue use of the Infringing Designation regardless of any rights bestowed upon Plaintiff by United States and New York State laws.

22. Defendant's Infringing Designation is identical to Outhouse PR's WOMEN YOU SHOULD KNOW trademark in appearance, sound and commercial impression. WOMEN YOU SHOULD KNOW (Plaintiff) and WOMEN YOU SHOULD KNOW (Defendant) are identical and visually identical in that they both contain only the phrase WOMEN YOU SHOULD KNOW.

23. The risk of confusion with Outhouse PR's WOMEN YOU SHOULD KNOW mark is clear.  Outhouse PR and the BTN Group (owned by Defendant Northstar Travel Media) are both New York-based companies promoting notable women.  Consumers cannot help but be deceived by Defendant's use of the identical mark being used in identical services through identical channels of trade.

24. In light of all of the foregoing, Defendant's use of the Infringing Designation is likely to cause confusion, mistake or deception, in that relevant consumers are likely to believe incorrectly that Defendant is authorized, sponsored or approved by, or otherwise affiliated with, Outhouse PR.

25. Defendant was personally alerted to Plaintiff's incontestable and ongoing registration at least as early as June 29, 2017, yet they have wantonly and willfully continued its aggravated use of the Infringing Designation.

26. As late as May 15, 2019, Defendant has stated that it intends to continue using the Infringing Designation despite repeated requests for cessation and attempts at resolution.

27. Defendant is not now, nor ever been, affiliated, connected or otherwise associated with Outhouse PR, and Outhouse PR has never consented or authorized Defendant to use the confusingly identical Infringing Designation.

28. Defendant have used the Infringing Designation with knowledge of, and in willful disregard of, Outhouse PR's prior trademark rights and with aggravated intent to obtain a commercial advantage for its services that it otherwise would not have.

29. Outhouse PR has no adequate remedy at law.


**FIRST CLAIM FOR RELIEF**
**Trademark Infringement Under Section 32(1) of the Lanham Act**

30. Outhouse PR repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

31. Outhouse PR is the owner of the incontestable federal trademark registration for the WOMEN YOU SHOULD KNOW trademark described above.

32. Defendant, with full knowledge of Plaintiff's incontestable federal trademark registration, and without Outhouse PR's consent or authorization, has used and continues its aggravated, wanton, and willful use in commerce of the Infringing Designation, which is

confusingly identical to Outhouse PR's registered WOMEN YOU SHOULD KNOW mark, in connection with the advertising and promotion of Defendant's services.

33. Under 15 U.S.C. § 1114(1), the use in commerce of a colorable imitation of a registered trademark like Outhouse PR's WOMEN YOU SHOULD KNOW trademark in connection with the advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake or to deceive, is prohibited.

34. By advertising and promoting services under the Infringing Designation, and by willful, wanton, and aggravated infringement, and by having both the right and ability to control such infringing activity and a direct financial interest in such activity, Defendant is engaged in willful, wanton, and aggravated trademark infringement in violation of 15 U.S.C. § 1114(1) that has caused damage to Outhouse PR and its WOMEN YOU SHOULD KNOW trademark.

35. Accordingly, Plaintiff is entitled to an injunction against Northstar from presenting the mark in any and all future issues and transmissions of its materials, judgment for lost profits and a reasonable royalty comprising retroactive daily licenses for Defendant's knowing and unauthorized use since at least as early as June 29 of 2017, the costs of the action, and reasonable attorney's fees.

**SECOND CLAIM FOR RELIEF**
**Infringement and Use of False Designations of Origin Under Section 43(a)(1)(A) of the Lanham Act**

36. Outhouse PR repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

37. By advertising and promoting related services under the Infringing Designation, or by knowingly and materially contributing to such wrongful use, or by having both the right and ability to control such wrongful activity and a direct financial interest in such activity, Defendant is engaged in willful, wanton, and aggravated acts of unfair competition in violation of 15 U.S.C. § 1125(a) that have caused damage to Outhouse PR and its WOMEN YOU SHOULD KNOW mark.

38. Accordingly, Plaintiff is entitled to an injunction against Northstar from presenting the mark in any and all future issues and transmissions of its materials, judgment for lost profits and a reasonable royalty comprising retroactive daily licenses for Defendant's knowing and unauthorized use since at least as early as June 29 of 2017, the costs of the action, and reasonable attorney's fees.

### THIRD CLAIM FOR RELIEF
### Common Law Trademark Infringement

39. Outhouse PR repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

40. By advertising and promoting related services under the Infringing Designation, or by knowingly and materially contributing to such wrongful use, or by having both the right and ability to control such wrongful activity and a direct financial interest in such activity, Defendant is engaged in aggravated, willful, and wanton trademark infringement in violation of New York common law that has caused damage to Outhouse PR and its WOMEN YOU SHOULD KNOW mark.

9

41.  Accordingly, Plaintiff is entitled to an injunction against Northstar from presenting the mark in any and all future issues and transmissions of its materials, judgment for lost profits and a reasonable royalty comprising retroactive daily licenses for Defendant's knowing and unauthorized use since at least as early as June 29 of 2017, punitive damages, the costs of the action, and reasonable attorney's fees.

### FOURTH CLAIM FOR RELIEF
### <u>Common Law Unfair Competition</u>

42. Outhouse PR repeats and realleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

43. By advertising and promoting related services under the Infringing Designation, or by knowingly and materially contributing to such wrongful use, or by having both the right and ability to control such wrongful activity and a direct financial interest in such activity, Defendant are engaged in willful acts of unfair competition in violation of New York common law that have caused damage to Outhouse PR and its WOMEN YOU SHOULD KNOW mark.

44. Accordingly, Plaintiff is entitled to an injunction against Northstar from presenting the mark in any and all future issues and transmissions of its materials, judgment for lost profits and a reasonable royalty comprising retroactive daily licenses for Defendant's knowing and unauthorized use since at least as early as June 29 of 2017, punitive damages, the costs of the action, and reasonable attorney's fees.

WHEREFORE, Plaintiff prays for a judgment:

1. Permanently enjoin and restrain Defendant, their officers, agents, servants, employees, attorneys, successors or assigns, and all persons or entities acting in concert or participation with them or any of them, from the advertising and/or promotion in the United States of any related services that:

(a) use or depict in any way the WOMEN YOU SHOULD KNOW designation, or any other designation that is confusingly similar to the WOMEN YOU SHOULD KNOW trademark; and

(b) any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendant's business and services are in any way associated or affiliated with or related to Outhouse PR and services offered under the WOMEN YOU SHOULD KNOW trademark;

2. Directing Defendant to remove the term WOMEN YOU SHOULD KNOW from Defendant's website;

3. Directing Defendant to compensate Outhouse PR a reasonable royalty arising from the conduct complained of herein, pursuant to 15 U.S.C. § 1117(a);

4. Punitive damages pursuant to New York common law;

5. Awarding Outhouse PR its reasonable attorneys' fees, taxable costs and disbursements of this action, pursuant to 15 U.S.C. § 1117; and

6. Awarding Outhouse PR such other and further relief as the Court deems just and proper.

## JURY DEMAND

Outhouse PR demands a trial by jury on all claims and defenses so triable, pursuant to Fed. R.

Civ. P. 38.  This request is without Prejudice to, or waiver of, Plaintiff's right to move for

judgment in their favor, pursuant to Fed. R. Civ. P. 12 and/or 56, on all issues that may be

decided by the Court.


Dated: June 26, 2019                           LAW OFFICE OF DAVID H. FAUX, P.C.
      New York, New York

                  By:     S/David H. Faux
                         David H. Faux
                         1180 Avenue of the Americas, 8th Floor
                         New York, NY 10036
                         (917) 391-9468

                         Attorney for Plaintiff
                         Outhouse PR, LLC